U.S. COURT OF APPEALS
RECEIVED
10/15/2026
FIFTH CIRCUIT

No. 26-30329

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

HUGH BRIAN STREET,
Plaintiff - Appellant,

v.

CHUCK CHRIST, Deputy, in his individual capacity;
CALVIN TURNER, Chief of Operations, in his individual capacity;
SAM CRAFT, individually, and in his capacity as Sheriff;
A B C INSURANCE COMPANY; JOHN CRAFT, Sheriff,
Defendants - Appellees.

---

On Appeal from the United States District Court
for the Western District of Louisiana, Lake Charles Division
USDC No. 2:25-CV-01882
Honorable James D. Cain, Jr., Presiding

---

# APPELLANT'S RECORD EXCERPTS

(Pursuant to 5th Cir. R. 30.1)

---

HUGH BRIAN STREET
Plaintiff-Appellant, Pro Se
385 RC Stephens Rd
Leesville, LA 71446
337-404-6465
brian.street@southerntreeninjas.com

# RECORD EXCERPTS ? TABLE OF CONTENTS
# (5th Cir. R. 30.1.4 & 30.1.7)

Tab 1: Certified District Court Docket Sheet, W.D. La. Case No. 2:25-cv-01882
(ROA.1?9) .......................................................................................... RE-3 to RE-12

Tab 2: Final Judgment Dismissing All Claims with Prejudice
(Doc. 37, Mar. 5, 2026) (ROA.560) .................................................................... RE-13 to RE-14

Tab 3: Memorandum Ruling on Motion to Dismiss
(Doc. 36, Mar. 5, 2026) (ROA.538?559) ........................................................... RE-15 to RE-37

Tab 4: Memorandum Order Denying Emergency TRO & Preliminary Injunction
(Doc. 6, Dec. 1, 2025) (ROA.52?53) .................................................................. RE-38 to RE-40

Tab 5: Memorandum Order Denying Expedited Discovery and Service
(Doc. 21, Dec. 10, 2025) (ROA.409?411) ........................................................... RE-41 to RE-44

Tab 6: Memorandum Order Denying Motion to Reconsider & Expedite
(Doc. 22, Dec. 12, 2025) (ROA.412?414) ........................................................... RE-45 to RE-48

Tab 7: Order Denying Rule 59(e) Motion to Alter or Amend Judgment
(Doc. 42, Apr. 29, 2026) (ROA.593) ................................................................... RE-49 to RE-50

Tab 8: Notice of Appeal
(Doc. 43, May 27, 2026) (ROA.594?597) ........................................................... RE-51 to RE-55

Certificate of Service & Electronic Compliance ....................................................... RE-56

# TAB 1

## Certified District Court Docket Sheet
## W.D. La. Case No. 2:25-cv-01882

## (ROA.1 ? ROA.9)

CM/ECF

CLOSED,APPEAL

Jump to Docket Table

# U.S. District Court
# Western District of Louisiana (Lake Charles)
# CIVIL DOCKET FOR CASE #: 2:25-cv-01882-JDC-TPL

Street v. Christ et al
Assigned to: Judge James D Cain, Jr
Referred to: Magistrate Judge Thomas P LeBlanc
Demand: $6,000,000
Case in other court: 5CCA, 26-30329
Cause: 42:1983 Civil Rights Act

Date Filed: 11/25/2025
Date Terminated: 03/05/2026
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Hugh Brian Street** represented by **Hugh Brian Street**
385 RC Stephens Rd
Leesville, LA 71446
337-404-6465
Email: brian.street@southerntreeninjas.com
PRO SE

V.

**Defendant**

**Chuck Christ**
*Deputy, in his individual capacity*

represented by **Blake Joseph Arcuri**
Rodrigue & Arcuri (NO)
1615 Poydras St Ste 1250
New Orleans, LA 70112
504-592-4600
Email: blake@rodriguearcuri.com
*ATTORNEY TO BE NOTICED*

**Jason Paul Wixom**
Rodrigue & Arcuri (NO)
1615 Poydras St Ste 1250
New Orleans, LA 70112
504-592-4600
Fax: 504-592-4641
Email: jason@rodriguearcuri.com
*ATTORNEY TO BE NOTICED*

**Laura Cannizzaro Rodrigue**

Rodrigue & Arcuri (NO)
1615 Poydras St Ste 1250
New Orleans, LA 70112
504-592-4600
Email: lrodrigue@fralawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Calvin Turner**
*Chief of Operations, in his individual capacity*

represented by **Blake Joseph Arcuri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason Paul Wixom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura Cannizzaro Rodrigue**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sam Craft**
*individually, and in his capacity as Sheriff*

**Defendant**

**Louisiana Sheriffs Risk Management Program**
*TERMINATED: 01/20/2026*

represented by **Blake Joseph Arcuri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason Paul Wixom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura Cannizzaro Rodrigue**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**A B C Insurance Co**

**Defendant**

**John Craft**
*Sheriff*

represented by **Blake Joseph Arcuri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason Paul Wixom**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Laura Cannizzaro Rodrigue**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Louisiana Sheriffs Law Enforcement Program**
*misidentified as the Louisiana Sheriffs Risk Management Program*
*TERMINATED: 03/05/2026*

represented by **Blake Joseph Arcuri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason Paul Wixom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura Cannizzaro Rodrigue**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/25/2025 | 1 (p.10) | COMPLAINT against ABC Insurance Company, Chuck Christ, Sam Craft, Louisiana Sheriffs Risk Management Program, Calvin Turner with Jury Demand filed by Hugh Brian Street. (Attachments: # 1 (p.10) Civil cover sheet, # 2 (p.36) Exhibit, # 3 (p.38) Letter, # 4 (p.45) Notice of manual attachment)(crt,Savoy, A) (Additional attachment(s) added on 11/26/2025: # 5 (p.48) Affidavit, # 6 (p.52) Notice) (Savoy, A). (Entered: 11/25/2025), (QC'ed on 11/26/2025, by Alexander , E) |
| 11/25/2025 | 2 (p.36) | MOTION for Temporary Restraining Order to Preserve Evidence by Hugh Brian Street. Motion Ripe Deadline set for 11/25/2025.(crt,Savoy, A) (Entered: 11/26/2025), (QC'ed on 11/26/2025, by Alexander , E) |
| 11/25/2025 | 3 (p.38) | MOTION for Temporary Restraining Order, MOTION for Preliminary Injunction (Motion Ripe Deadline set for 11/25/2025.) by Hugh Brian Street. (Attachments: # 1 (p.10) Memorandum / Brief, # 2 (p.36) Proposed order) (crt,Savoy, A) (Entered: 11/26/2025), (QC'ed on 11/26/2025, by Alexander , E) |
| 11/25/2025 | 4 (p.45) | MOTION for Leave to Conduct Expedited Discovery and for Service by U.S Marshal by Hugh Brian Street. Motion Ripe Deadline set for 11/25/2025. (Attachments: # 1 (p.10) Request for Production of Documents)(crt,Savoy, A) (Entered: 11/26/2025), (QC'ed on 11/26/2025, by Alexander , E) |

| | | |
|---|---|---|
| 11/25/2025 | 5 (p.48) | Urgent MOTION for Service of Process by U.S Marshal by Hugh Brian Street. Motion Ripe Deadline set for 11/25/2025. (Attachments: # 1 (p.10) Proposed order) (crt,Savoy, A) (Entered: 11/26/2025), (QC'ed on 11/26/2025, by Alexander , E) |
| 11/25/2025 | | FILING FEE RECEIVED: on behalf of Hugh Brian Street in the amount of $405, receipt number 200000443. (crt,Savoy, A) (Entered: 11/26/2025) |
| 11/25/2025 | | CASE Assigned to Judge James D Cain, Jr and Magistrate Judge Thomas P LeBlanc. (crt,Alexander, E) (Entered: 11/26/2025) |
| 12/01/2025 | 6 (p.52) | MEMORANDUM ORDER denying 3 (p.38) Motion for TRO; denying 3 (p.38) Motion for Preliminary Injunction for the reasons stated. Signed by Judge James D Cain, Jr on 12/1/2025. (crt,Stewart, T) (Entered: 12/01/2025) |
| 12/01/2025 | 7 (p.54) | NOTICE of Filing of Proof of Service by Hugh Brian Street (Attachments: # 1 (p.10) Affidavit)(crt,Miletello, A) (Entered: 12/04/2025) |
| 12/02/2025 | 8 (p.60) | NOTICE of Filing Supplemental Exhibit B by Hugh Brian Street re 1 (p.10) Complaint. (Attachments: # 1 (p.10) Exhibit B)(crt,Miletello, A) (Entered: 12/04/2025) |
| 12/02/2025 | 9 (p.319) | MOTION for Permission to Participate in Electronic Filing by Hugh Brian Street. Motions referred to Magistrate Judge Thomas P LeBlanc. Motion Ripe Deadline set for 12/2/2025. (Attachments: # 1 (p.10) Proposed order) (crt,Miletello, A) (Entered: 12/04/2025), (QC'ed on 12/04/2025, by Miletello , A) |
| 12/03/2025 | 10 (p.324) | AMENDED COMPLAINT styled as Omnibus Notice of Correction to Record filed by Hugh Brian Street. (crt,Miletello, A) (Entered: 12/04/2025) |
| 12/03/2025 | 11 (p.327) | NOTICE of Clarification of Record by Hugh Brian Street re 6 (p.52) Memorandum Order (crt,Miletello, A) (Entered: 12/04/2025) |
| 12/05/2025 | 12 (p.330) | NOTICE of Consent to Receive Notice and Service Electronically by Hugh Brian Street (crt,Alexander, E) (Entered: 12/08/2025) |
| 12/05/2025 | 13 (p.331) | AMENDED COMPLAINT for Damages, Declaratory Relief, and Structural Injunction Relief, and Direct Action against A B C Insurance Co, Chuck Christ, Sam Craft, Louisiana Sheriffs Risk Management Program, Calvin Turner with Jury Demand filed by Hugh Brian Street. (Attachments: # 1 |

| | | |
|---|---|---|
| | | (p.10) Exhibit List, # 2 (p.36) Exhibits E)(crt,Alexander, E) (Entered: 12/08/2025) |
| 12/05/2025 | 14 (p.348) | MOTION for Reconsideration re 6 (p.52) Order on Motion for TRO, Order on Motion for Preliminary Injunction, MOTION to Expedite by Hugh Brian Street. (Motion Ripe Deadline set for 12/5/2025.) Motions referred to Magistrate Judge Thomas P LeBlanc. (Attachments: # 1 (p.10) Notice of Filing, # 2 (p.36) Proposed order)(crt,Alexander, E) (Entered: 12/09/2025), (QC'ed on 12/09/2025, by Alexander , E) |
| 12/05/2025 | | Motions Transferred regarding 14 (p.348) MOTION for Reconsideration re 6 (p.52) Order on Motion for TRO, Order on Motion for Preliminary Injunction MOTION to Expedite. Motions referred to Judge James D Cain, Jr. (crt,Alexander, E) (Entered: 12/09/2025) |
| 12/05/2025 | 15 (p.357) | MOTION to Expedite Discovery by Hugh Brian Street. Motions referred to Magistrate Judge Thomas P LeBlanc. Motion Ripe Deadline set for 12/5/2025. (Attachments: # 1 (p.10) Proposed order)(crt,Alexander, E) (Entered: 12/09/2025) |
| 12/08/2025 | 16 (p.361) | EXHIBIT 1 re 15 (p.357) MOTION to Expedite by Hugh Brian Street. (Attachments: # 1 (p.10) Notice of Service) (crt,Alexander, E) (Entered: 12/10/2025) |
| 12/08/2025 | 17 (p.383) | NOTICE of Clerk's Refusal of Courtesy Copies by Hugh Brian Street (crt,Alexander, E) (Entered: 12/10/2025) |
| 12/08/2025 | 18 (p.386) | NOTICE of Service of Interim Filings and Correction of Certificates of Service by Hugh Brian Street (crt,Alexander, E) (Entered: 12/10/2025) |
| 12/09/2025 | 19 (p.391) | SUMMONS Returned Executed by Hugh Brian Street. Chuck Christ served on 12/9/2025, answer due 12/30/2025; Sam Craft served on 12/9/2025, answer due 12/30/2025; Calvin Turner served on 12/9/2025, answer due 12/30/2025. (crt,Alexander, E) (Entered: 12/10/2025) |
| 12/10/2025 | 20 (p.394) | SUMMONS ISSUED as to A B C Insurance Co, Chuck Christ, Sam Craft, Louisiana Sheriffs Risk Management Program, Calvin Turner. (crt,Alexander, E) (Entered: 12/10/2025) |
| 12/10/2025 | 21 (p.409) | MEMORANDUM ORDER denying 4 (p.45) MOTION for Leave to Conduct Expedited Discovery and for Service; denying 5 (p.48) Motion for Service of Process; denying 15 (p.357) Motion to Expedite Discovery. Signed by Magistrate Judge Thomas P LeBlanc on 12/10/2025. (crt,Miletello, A) (Entered: 12/12/2025) |

| | | |
|---|---|---|
| 12/11/2025 | 23 (p.415) | SUMMONS Returned Executed by Hugh Brian Street. Louisiana Sheriffs Risk Management Program served on 12/9/2025, answer due 12/30/2025. (crt,Alexander, E) (Entered: 12/15/2025) |
| 12/12/2025 | 22 (p.412) | MEMORANDUM ORDER that 14 (p.348) Motion for Reconsideration concerning the preservation of surveillance evidence is DENIED and 2 (p.36) Motion for a Temporary Restraining Order to Preserve Evidence DENIED. IT IS FURTHER ORDERED that Plaintiffs remaining requests for a TRO (Doc. 3) against the Vernon Parish Sheriffs Office and Deputy Chuck Christ is DENIED. IT IS FURTHER ORDERED that Plaintiffs Motion for Expedited Consideration is GRANTED. Signed by Judge James D Cain, Jr on 12/12/2025. (crt,Miletello, A) (Entered: 12/12/2025) |
| 12/18/2025 | 24 (p.416) | Unopposed MOTION for Extension of Time to File Answer re 10 (p.324) Amended Complaint, 1 (p.10) Complaint, with consent < by Chuck Christ, John Craft, Louisiana Sheriffs Risk Management Program, Calvin Turner. Motions referred to Thomas P LeBlanc. Motion Ripe Deadline set for 12/18/2025. (Attachments: # 1 (p.10) Proposed order) (Attorney Jason Paul Wixom added to party Chuck Christ(pty:dft), Attorney Jason Paul Wixom added to party Sam Craft(pty:dft), Attorney Jason Paul Wixom added to party Louisiana Sheriffs Risk Management Program(pty:dft), Attorney Jason Paul Wixom added to party Calvin Turner(pty:dft))(aty,Wixom, Jason) Modified to correct filers on 12/18/2025. (Alexander, E) (Entered: 12/18/2025), (QC'ed on 12/18/2025, by Alexander , E) |
| 12/29/2025 | 25 (p.420) | ORDER granting 24 (p.416) Motion for Extension of Time to Answer re 1 (p.10) Complaint, 10 (p.324) Amended Complaint, 13 (p.331) Amended Complaint. Chuck Christ answer due 1/29/2026; John Craft answer due 1/29/2026; Louisiana Sheriffs Risk Management Program answer due 1/29/2026; Calvin Turner answer due 1/29/2026. Signed by Magistrate Judge Thomas P LeBlanc on 12/29/2025. (crt,Alexander, E) (Entered: 12/30/2025) |
| 01/07/2026 | 26 (p.421) | MOTION to Amend/Correct 1 (p.10) Complaint, with consent by Hugh Brian Street. Motions referred to Magistrate Judge Thomas P LeBlanc. Motion Ripe Deadline set for 1/7/2026. (Attachments: # 1 (p.10) Proposed pleading, # 2 (p.36) Proposed order)(crt,Thomas, T) (Entered: 01/07/2026), (QC'ed on 01/07/2026, by Thomas , T) |
| 01/20/2026 | 27 (p.438) | MOTION to Dismiss For Failure to State a Claim by Louisiana Sheriffs Law Enforcement Program. |

| | | |
|---|---|---|
| | | (Attachments: # 1 (p.10) Memorandum / Brief)(aty,Wixom, Jason) Modified filers on 1/21/2026. (Alexander, E) (Entered: 01/20/2026), (QC'ed on 01/21/2026, by Alexander , E) |
| 01/21/2026 | 28 (p.445) | NOTICE of Motion Setting without oral argument regarding: 27 (p.438) MOTION to Dismiss For Failure to State a Claim. Motions referred to Judge James D Cain, Jr. Motion day set for 2/25/2026 before Judge James D Cain Jr. (crt,Alexander, E) (Entered: 01/21/2026) |
| 01/21/2026 | 29 (p.446) | MOTION to Dismiss For Failure to State a Claim Sheriff John Craft, Chief Calvin Turner, and Deputy Chuck Christ, MOTION for More Definite Statement by Chuck Christ, John Craft, Calvin Turner. Motions referred to Thomas P LeBlanc. (Attachments: # 1 (p.10) Memorandum / Brief)(aty,Wixom, Jason) (Entered: 01/21/2026), (QC'ed on 01/22/2026, by Alexander , E) |
| 01/22/2026 | 30 (p.481) | NOTICE of Motion Setting without oral argument regarding: 29 (p.446) MOTION to Dismiss For Failure to State a Claim Sheriff John Craft, Chief Calvin Turner, and Deputy Chuck Christ MOTION for More Definite Statement. Motion day set for 2/25/2026 before Judge James D Cain Jr. (crt,Alexander, E) (Entered: 01/22/2026) |
| 01/22/2026 | 31 (p.482) | RESPONSE of Nonopposition to Motion re 27 (p.438) MOTION to Dismiss For Failure to State a Claim filed by Hugh Brian Street. (Attachments: # 1 (p.10) Proposed order)(crt,Alexander, E) (Entered: 01/22/2026) |
| 02/04/2026 | 32 (p.487) | MEMORANDUM in Opposition re 29 (p.446) MOTION to Dismiss For Failure to State a Claim Sheriff John Craft, Chief Calvin Turner, and Deputy Chuck Christ MOTION for More Definite Statement filed by Hugh Brian Street. (Attachments: # 1 (p.10) Exhibit)(crt,Chavis, J) (Entered: 02/04/2026) |
| 02/06/2026 | 33 (p.527) | REPLY to Response to Motion re 29 (p.446) MOTION to Dismiss For Failure to State a Claim Sheriff John Craft, Chief Calvin Turner, and Deputy Chuck Christ MOTION for More Definite Statement filed by Chuck Christ, Sam Craft, Calvin Turner. (aty,Wixom, Jason) (Entered: 02/06/2026), (QC'ed on 02/10/2026, by Miletello , A) |
| 03/05/2026 | 34 (p.533) | MEMORANDUM RULING granting 27 (p.438) MOTION to Dismiss For Failure to State a Claim filed by Louisiana Sheriffs Law Enforcement Program. Signed by Judge James D Cain, Jr on 3/5/2026. (crt,Jones, P) (Entered: 03/05/2026) |
| 03/05/2026 | 35 (p.537) | JUDGMENT, IT IS ORDERED, ADJUDGED, AND DECREED that the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) |

| | | |
|---|---|---|
| | | (6) for Failure to State a Claim 27 (p.438) is GRANTED, dismissing the Louisiana Sheriffs Law Enforcement Program with prejudice. Signed by Judge James D Cain, Jr on 3/5/2026. (crt,Jones, P) (Entered: 03/05/2026) |
| 03/05/2026 | 36 (p.538) | MEMORANDUM RULING granting 29 (p.446) MOTION to Dismiss For Failure to State a Claim. Signed by Judge James D Cain, Jr on 3/5/2026. (crt,Jones, P) (Entered: 03/05/2026) |
| 03/05/2026 | 37 (p.560) | JUDGMENT, IT IS ORDERED, ADJUDGED, AND DECREED that the Motion to Dismiss Pursuant to Fed. R. of Civ. P. 12(b)(6) for Failure to State a Claim 29 (p.446) is GRANTED in its entirety, dismissing all of Plaintiffs claims with prejudice. Signed by Judge James D Cain, Jr on 3/5/2026. (crt,Jones, P) (Entered: 03/05/2026) |
| 04/02/2026 | 38 (p.561) | MOTION to Alter 36 (p.538) Memorandum Ruling, 37 (p.560) Judgment by Hugh Brian Street. Motion Ripe Deadline set for 4/2/2026. (Attachments: # 1 (p.10) Memorandum / Brief, # 2 (p.36) Proposed order) (crt,Miletello, A) (Entered: 04/06/2026), (QC'ed on 04/06/2026, by Miletello , A) |
| 04/06/2026 | 39 (p.575) | NOTICE of Motion Setting without oral argument regarding: 38 (p.561) MOTION to Alter 36 (p.538) Memorandum Ruling, 37 (p.560) Judgment. Motions referred to Judge James D Cain, Jr. Motion day set for 5/27/2026 before Judge James D Cain Jr. (crt,Miletello, A) (Entered: 04/06/2026) |
| 04/17/2026 | 40 (p.576) | MEMORANDUM in Opposition re 38 (p.561) MOTION to Alter 36 (p.538) Memorandum Ruling, 37 (p.560) Judgment filed by Chuck Christ, John Craft, Sam Craft, Calvin Turner. (aty,Wixom, Jason) (Entered: 04/17/2026), (QC'ed on 04/17/2026, by Chavis , J) |
| 04/21/2026 | 41 (p.584) | REPLY to Response to Motion re 38 (p.561) MOTION to Alter 36 (p.538) Memorandum Ruling, 37 (p.560) Judgment filed by Hugh Brian Street. (crt,Whitener, M) (Entered: 04/23/2026) |
| 04/29/2026 | 42 (p.593) | ORDER denying 38 (p.561) Motion to Alter Judgment. Signed by Judge James D Cain, Jr on 4/29/2026. (crt,Jones, P) (Entered: 04/29/2026) |
| 05/27/2026 | 43 (p.594) | NOTICE OF APPEAL filed by Hugh Brian Street, pro se. (Filing fee $605.00, receipt number ALAWDC-200000537) (crt,WalkerSld, B) (Entered: 05/28/2026) |
| 05/27/2026 | 44 (p.598) | APPEAL TRANSCRIPT REQUEST by Hugh Brian Street. Transcript Not Required (crt,WalkerSld, B) (Entered: |

| | | |
|---|---|---|
| | | 05/28/2026) |
| 06/15/2026 | | USCA Case Number 26-30329 for 43 (p.594) Notice of Appeal filed by Hugh Brian Street. (crt,WalkerSld, B) (Entered: 06/16/2026) |
| 06/15/2026 | | Set Deadline for Clerk re 43 (p.594) Notice of Appeal: Certify Appeal Record (26-30329) by Clerk to COA 6/30/2026. (crt,WalkerSld, B) (Entered: 06/16/2026) |
| 06/17/2026 | 45 (p.601) | MOTION Regarding Transmission of Exhibits for Appeal re 43 (p.594) Notice of Appeal by Hugh Brian Street. Motions referred to Magistrate Judge Thomas P LeBlanc. Motion Ripe Deadline set for 6/17/2026. (crt,WalkerSld, B) (Entered: 06/18/2026), (QC'ed on 06/18/2026, by WalkerSld , B) |
| 06/17/2026 | | Motions Transferred regarding 45 (p.601) Motion Regarding Transmission of Exhibits for Appeal re 43 (p.594) Notice of Appeal. Motions referred to Judge James D Cain, Jr. (crt,WalkerSld, B) (Entered: 06/18/2026) |
| 06/23/2026 | 46 (p.608) | ORDER denying 45 (p.601) Motion Regarding Transmission of Exhibits for Appeal. Signed by Judge James D Cain, Jr on 6/23/2026. (crt,Jones, P) (Entered: 06/23/2026) |

# TAB 2

## Final Judgment Dismissing All Claims with Prejudice
## (Doc. 37, Mar. 5, 2026)

## (ROA.560)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**HUGH BRIAN STREET** — **CASE NO. 2:25-CV-01882**

**VERSUS** — **JUDGE JAMES D. CAIN, JR.**

**CHUCK CHRIST ET AL** — **MAGISTRATE JUDGE LEBLANC**

**JUDGMENT**

Pursuant to the Memorandum Ruling of this date,

**IT IS ORDERED, ADJDUGED, AND DECREED** that the Motion to Dismiss Pursuant to Fed. R. of Civ. P. 12(b)(6) for Failure to State a Claim (Doc. 29) is **GRANTED** in its entirety, dismissing all of Plaintiff's claims with prejudice.

**THUS DONE AND SIGNED** in chambers on this 5th day of March, 2026.

**JAMES. D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

# TAB 3

## Memorandum Ruling on Motion to Dismiss
## (Doc. 36, Mar. 5, 2026)

## (ROA.538 ? ROA.559)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **HUGH BRIAN STREET** | **CASE NO. 2:25-CV-01882** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHUCK CHRIST ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Pursuant to Fed. R. of Civ. P. 12(b)(6) for Failure to State a Claim or, Alternatively, Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) (Doc. 29) filed by Defendants, Sheriff John Craft, Chief Calvin Turner, and Deputy Chuck Christ (collectively referred to as "Defendants").

## BACKGROUND

In this lawsuit, Plaintiff Hugh Brian Street has named as Defendants, Sheriff Sam Craft, Chief Calvin Turner, Deputy Chuck Christ, and the Louisiana Sheriffs Law Enforcement Program ("LSLP")[1] concerning an alleged interaction between Deputy Christ and Plaintiff on November 18, 2025. Plaintiff alleges that on this date, he happened upon a traffic stop being conducted by Deputy Christ, and for an unknown reason, he began recording the encounter.[2] Upon exiting his vehicle, Deputy Christ ordered Plaintiff to leave the area or risk going to jail.[3] Plaintiff alleges he verbally refused.[4] Deputy Christ then

[1] The Court is dismissing LSLP in a separate Memorandum Ruling and Judgment.
[2] Doc. 13, ¶ 25.
[3] *Id.* ¶ 26.
[4] *Id.* ¶ 27.

asserted that Plaintiff was driving under suspension.[5] Thereafter, Plaintiff stopped recording and chose to leave.[6]

Deputy Christ then ordered Plaintiff to "hold up,"[7] and subsequently detained Plaintiff for having an expired inspection and an obstructed license plate.[8] Shortly thereafter, Deputy Christ instructed Plaintiff to leave.[9] Plaintiff drove away but returned to the scene on foot to resume filming.[10] Deputy Christ then resumed "his duties," however, Plaintiff alleges that Deputy Christ intimidated him by placing his hand on his gun and "staring at Plaintiff."[11]

Plaintiff has asserted the following causes of action: Count I--First Amendment Retaliation, 42 U.S.C. § 1983, Count II—Unlawful Seizure, 42 U.S.C. § 1983, Count III—Excessive Force/Assault, 42 U.S.C. § 1983, Count IV—Monell Liability as to Sheriff Craft, Count V—State Law claims of aggravated assault, public intimidation, malfeasance, IIED, and abuse of process, Count VI—Due Process (14th Amendment), Count VII—Conspiracy (42 U.S.C. § 1985), Count VIII—Equal Protection "Class of One" (14th Amendment), Count IX—Direct Action (La. R.S. 22:1269).

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the

[5] *Id.* ¶ 28.
[6] *Id.* ¶ 29.
[7] *Id.* ¶ 30.
[8] *Id.* ¶ 31.
[9] *Id.* ¶ 32.
[10] *Id.* ¶ 36.
[11] *Id.* ¶ ¶ 38, 39.

complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Defendants move to dismiss Plaintiff's 42 U.S.C. § 1983 action with prejudice; Defendants argue that Plaintiff has failed to allege a single valid claim under either the United States Constitution or Louisiana State law. Defendants move to dismiss each of Plaintiff's numerous claims, or in the alternative, Defendants request that Plaintiff be required to provide a more definite statement of his claims.

*Prescription*

Defendants move to dismiss any claims made by Plaintiff that are prescribed. In his Complaint Plaintiff refers to events that occurred beginning in 2011 through 2014 between him, his mother, and the Veron Parish Sheriff's Office ("VPSO").

Federal law does not provide a statute of limitations for § 1983 claims. Consequently, courts rely on state law. *Brown cv. Pouncy*, 93 F.4th 331 (5th Cir. 2024). Noting that "[o]ur court has repeatedly applied Louisiana's one-year prescriptive period" to § 1983 actions, the Fifth Circuit held that it was bound to continue that practice. *Id.* at 337-38.

Section 1983 actions and Louisiana state tort claims are governed by a one-year prescriptive period. *See McGregor v. LSU Bd. of Supervisors*, 3 F.3d 850, 863 (5th Cir. 1993). Prescription commences to run from the day any injury or damage is sustained. LSA-C.C. art. 3492. The burden of proof is normally on the party pleading prescription; however, if on the face of the complaint it appears that prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period "based on the equitable doctrine of *contra non valentem*. *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 995 F.3d 384, 389 (5th Cir. 2021) (cleaned up).

Plaintiff alleges that the subject incident occurred on November 18, 2025.[12] The Court agrees with Defendants that to the extent Plaintiff is attempting to bring any claim that occurred prior to November 18, 2024, said claim(s) are prescribed.

[12] Doc. 1.

*Excessive force and First Amendment retaliation claims*

Plaintiff alleges that Deputy Christ exhibited a "threat of lethal force against a compliant citizen," running afoul of the Fourteenth Amendment.[13] The Court has carefully reviewed the Complaint, which does not allege that Deputy Christ put his hand on Plaintiff or even touched him. Mere threats are not cognizable under § 1983. *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir. 1983); *Hoffman v. Stulga*, 464 Fed.App'x 229, 232 (5th Cir. 2011).

To the extent Plaintiff is tying these allegations to his First Amendment Retaliation claim, "the Fifth Circuit has long held that mere threats of violence do not establish § 1983 liability," even within the framework of a First Amendment retaliation claim. *Hansard v. Zamora*, Civil Action No. 23-CV-00041-DC-DF, 2024 WL 3682240, at *6 (W.D.Tx. Aug. 5, 2024) (citing *Gibson v. Jean-Baptiste*, 802 Fed.App'x 858, 859–60 (5th Cir. 2020) (*per curiam*) ("[W]e have consistently rejected threat-based retaliation claims."); *see Eaker v. City of Moss Point,* No. 20-CV-92, 2021 WL 771756, at *8 (S.D.MS Feb. 26, 2021) (finding verbal abuse or intimidation "unprofessional or inappropriate" but not "ris[ing] to the level of actionable constitutional injury under § 1983.").

Plaintiff's only allegation is that Deputy Christ ordered Plaintiff to leave by telling him he better get in [his] car. Plaintiff insists that he and Deputy Christ had a "history." The "history" that Plaintiff relies upon allegedly took place in 2013, notably over a decade prior to the subject incident. As such, this alleged "history" is too attenuated to even be

---

[13] Doc. 13, Amended Complaint, Count III, p. 11.

considered in a retaliation claim. Taking Plaintiff's allegations as true, the Court finds that there is not one scintilla of an accusation that Deputy Christ used any type of force against Plaintiff, Plaintiff's allegations do not give rise to a retaliation claim or excessive force, and there was no unlawful detention.

*Seizure by Deputy Christ*

Plaintiff alleges that he was unlawfully seized and/or that he was detained based on fabricated pretexts. Plaintiff appears to indicate that a seizure occurred when Deputy Christ instructed Plaintiff to leave the area and subsequently instructed him to "hold on" while Deputy Christ inspected his license plate and verified the suspension of his license. Plaintiff has failed to establish that the alleged detention was motivated by Plaintiff's cumulative exercise of First Amendments rights as suggested by Plaintiff. The Court finds that the facts alleged by Plaintiff do not rise to the level of a seizure.

*Excessive force*

Plaintiff alleges that he was subjected to excessive force. However, Plaintiff has failed to allege any physical contact between Deputy Christ and Plaintiff. Claims "that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen" are "analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865 (1989). "To prevail on an excessive force claim, a plaintiff must show: (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Tarver v. City of Edna*, 410

F.3d 745, 751 (5th Cir. 2005). The Court finds that Plaintiff's claims of excessive force are clearly without merit.

*Due process claim*

Plaintiff alleges that his due process rights were violated because he was given a contradictory order—first, to leave the area, and then to "hold up."

To state a plausible substantive due process claim, Plaintiff must establish that the Defendants' conduct "shocked the conscience in a constitutional sense." *Sterling v. City of Jackson, Mississippi*, 159 F.4th 361, 377 (5th Cir. 2025) (cleaned up). Section 1983 complaints must embrace more than a generic, amorphous claim of due process violations. *Dismukes v. Hackathorn*, 802 F.Supp. 1442, 1445 (S.D.Ms. 1992) (cleaned up). Vague, nebulous due process claims are too broad, given the complexities inherent in the due process clause of the Fourteenth Amendment, from which three distinct constitutional protections originate. *Id.* (cleaned up).

Substantive due process is violated by state conduct that "shocks the conscience," or constitutes force that is "brutal." *Rochin v. California*, 342 U.S. 165, 172-73, 72 S.Ct. 205 (1952). To determine whether a substantive due process violation existed in the context of § 1983, the Fifth Circuit subsequently developed a test around the *Johnson* factors in *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1981). Tailored to fit the Fourteenth Amendment's concept of substantive due process, the *Shillingford* test considered whether the "state officer's action [1] caused severe injuries, [2] was grossly disproportionate to the need for action under the circumstances and [3] was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of power that shocks the

conscience." None of the *Johnson* factors are met based on the alleged facts asserted by Plaintiff. The Court finds that Plaintiff's claim of a violation of due process is completely without merit.

*Civil conspiracy*

Plaintiff alleges a civil conspiracy between him and Defendants that is internal to the Vernon Parish Sheriff's Office. To prove a Section 1983 claim for conspiracy, a plaintiff must show: 1) the existence of a conspiracy involving state action; and 2) "a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019).

"Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). To avoid dismissal, a plaintiff first must show "an actual violation of section 1983." *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995). A plaintiff cannot establish that a conspiracy occurred by merely alleging it happened through conclusory allegations with no factual support. *Hicks v. Bexar Cnty., Tex.*, 973 F.Supp. 653, 676 (W.D. Tex. 1997). Allegations of conspiracy without facts demonstrating a prior agreement between defendants cannot survive a motion to dismiss. *See Hey v. Irving*, 161 F.3d 7, *3 (5th Cir. 1998) (per curiam) (holding that "plaintiffs' bare conclusory allegation that '[a]ll three defendants demonstrated a meeting of the mind' absent any specific facts showing that the defendants reached an agreement to violate their rights, is not sufficient to plead a § 1983 conspiracy") (citing *Arsenaux v.*

*Roberts*, 726 F.2d 1022, 1023-24 (5th Cir.1982)). Additionally, a plaintiff "must show that the defendants agreed to commit an illegal act." *Arsenaux*, 726 F.2d at 1022-24.

As a matter of law, a conspiracy requires two or more persons or entities. *Boyd v. Calcasieu Parish Sheriff's Office*, Civil Action No. 2013 WL 1857448, at *5 (W.D. La. May 2, 2013) (cleaned up). The intracorporate conspiracy doctrine provides that a corporation cannot conspire with itself through its agents or employees when the acts of the agents or employees are within the scope of their employment. *Id.* The intracorporate conspiracy doctrine also applies to government entities like VPSO. *Id.* (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir.1994)).

It appears that Plaintiff is alleging that Deputy Christ, Sheriff Craft, and Chief Turner "acted in concert" to "deny Plaintiff equal protection." Defendants argue that any alleged conspiratorial actions between members of the VPSO is barred under the aforementioned doctrine. The Court agrees and finds that Plaintiff's allegations are vague and completely lacking in facts to establish any type of conspiracy, let alone a civil conspiracy, which is barred by the intracorporate conspiracy doctrine.

*Equal protection*

Plaintiff's equal protection claim appears to involve his allegations that he was "targeted due to personal animus." An equal protection claim requires the plaintiff to "show that (1) he or she was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment." *Lindquist v. City of Pasadena*, 669 F.3d 225, 233 (5th Cir. 2012) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000)).

Here, as noted by Defendants, Plaintiff has failed to allege that he was treated differently from others that are similarly situated. Thus, the Court finds that Plaintiff has failed to establish an equal protection claim.

*Monell*

Plaintiff alleges that Sheriff Craft has a "policy of impunity" based on his alleged failure to conduct internal investigations of VPSO employees, relying on *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978). In *Monell*, the Supreme Court reasoned that an official policy could be shown through written policy statements, ordinances, or regulations; a widespread practice that is so common and well-settled as to constitute a custom that represents municipal policy; or a single act conducted by an official or entity with final policymaking authority. *Sweetin v. City of Texas City, Texas*, 48 F.4th 387, 392 (5th Cir. 2022).

In order for a practice to be designated as a custom, it must have occurred for so long or so frequently that "the course of conduct warrants attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice" of municipal employees. *Martinez v. Nueces Cnty., Texas*, 71 F.4th 385, 389 (5th Cir. 2023) (quoting *Peterson v. City of Fort Worth*, 588 F.2d 838, 850-51 (5th Cir. 2009)). However, "[i]solated violations are not the persistent, often repeated constant violations that constitute custom and policy" as required for municipal Section 1983 liability. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985).

A governmental unit cannot be held liable for the acts of its employees solely on a theory of respondeat superior. *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010).

Rather, to state a claim against a sheriff under *Monell* and its progeny, a plaintiff must plead that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Gomez v. Galman*, 18 F.4th 769, 777 (5th Cir. 2021) (cleaned up).

Here, Plaintiff has failed to show that there was an official policy promulgated by the municipal policymaker that was the moving force behind the violation of a constitutional right. Plaintiff has failed to allege that any actions he complains of were taken pursuant to Sheriff Craft's official policy. The sole comment by Calvin Turner—"we do not investigate our own," taken as true, does not indicate a pattern or custom, but only an single isolated comment.

Additionally, Plaintiff's allegations do not establish that Calvin Turner of Sheriff Craft ratified Deputy Christ's alleged conduct. "Even when an official with final policymaking authority does not directly act to set a policy, a municipality may be liable *in extreme factual situations* when that official ratifies a subordinate's decision, which requires more than the defense of a decision or action shown to be unconstitutional after the fact." *Webb v. Town of St. Joseph*, 925 F.3d 209, 217 (5th Cir. 2019) (*see also Davidson v. City of Stafford, Tex.,* 848 F.3d 384, 395 (5th Cir. 2017) (noting that ratification "is limited to 'extreme factual situations'"); *World Wide St. Preachers Fellowship v. Town of Columbia,* 591 F.3d 747, 755 (5th Cir. 2009) (same).

Likewise, Plaintiff's allegation that Calvin Turner failed to investigate Deputy Christ in response to Plaintiff's complaint "does not show that [the sheriff] knew of and approved the [allegedly] illegal character" of Deputy Christ's alleged actions. *Milam v.*

*City of San Antonio*, 113 Fed.App'x 622, 628 (5th Cir. 2004); *see also Medina v. Ortiz*, 623 Fed.App'x 695, 701 (5th Cir. 2015) (rejecting ratification theory where sheriff accepted officer's use of force report, refused to turn over evidence until suit was filed, and defendant officer's actions); *Peterson*, 588 F.3d at 848 (refusing to find ratification based on "a policymaker who defends conduct that is later shown to be unlawful."). And as the Fifth Circuit explained in *Peterson*, "it is hard to see how a policymaker's ineffectual or nonexistent response to an incident, which occurs well *after* the fact of the constitutional deprivation, could have *caused* the deprivation." *Id*.

To be sure, Plaintiff's *Monell* claims fail because "isolated events" do not evince "the persistent, often repeated constant violations that constitute custom and policy as required for municipal section 1983 liability." *Gates v. Texas Dep't of Protective & Regulatory Servs*., 537 F.3d 404, 437 (5th Cir.2008) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir.1995)); *see Burge v. Tammany Parish*, 336 F.3d 363, 370 (5th Cir.2003).

*Qualified immunity*

Defendants argue that they are entitled to qualified immunity, noting that Plaintiff has sued each of these Defendants in their individual capacities. A state official can be sued in his individual capacity and held personally liable under § 1983 if a plaintiff can show the official, acting under state law, caused the deprivation of a federal right. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358 (1991). Per the United States Fifth Circuit Court of Appeals, "[t]his standard requires more than conclusional assertions. The plaintiff must allege specific acts giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741

(5th Cir. 2002). As a defense to § 1983 claims, government officials may invoke qualified immunity, which shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Club Retro, LLC v. Hilton*, 568 F.3d 181, 184 (5th Cir. 2009).

The Supreme Court emphasized that qualified immunity functions as immunity from suit, rather than a mere defense to liability. *Pearson v. Callahan*, 555 U.S. 223, 237, 129 S.Ct. 808, 818 (2009). "[T]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Malley v. Briggs*, 475 U.S. 335, 344-45, 106 S.Ct. 1092, 1097-98 (1986); *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000). "This means that even law enforcement officials who reasonably but mistakenly commit a constitutional violation are entitled to immunity." *Bazan v. Hidalgo County*, 246 F.3d 481, 488 (5th Cir. 2001) (quoting *Glenn v. City of Tyler,* 242 F.3d. 307, 312 (5th Cir. 2001)).

Once the government official asserts qualified immunity, the burden shifts to the plaintiff to negate the defense. *Collier v. Montgomery*, 569 F.3d. 214, 217 (5th Cir. 2009). To overcome a claim of qualified immunity, a plaintiff must demonstrate: 1) that the official violated a statutory or constitutional right; and 2) that the right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 2080 (2011); *Club Retro, LLC*, 569 F.3d at 194. Per the Fifth Circuit, a constitutional right is "clearly established" when the contours of the right are "sufficiently clear that a reasonable official would understand that what he is doing violates that right."

*Thompson v. Upshur County, TX*, 245 F.3d 447, 457 (5th Cir. 2001) (quoting *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

Defendants, Sheriff Craft and Calvin Turner argue that they are entitled to qualified immunity because Plaintiff has not alleged that they participated in any particular type of behavior.

Personal involvement is an essential aspect of a section 1983 cause of action. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.") (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (must be an affirmative link between injury and conduct of defendant)). The Fifth Circuit has held that a plaintiff must specify the personal involvement of each defendant in a section 1983 proceeding and "cannot make generalized allegations, nor can he support a claim based on any vicarious liability theory." *See Murphy v. Kellar,* 950 F.2d 290, 292 n.7 (5th Cir. 1992). The Court agrees and finds that Sheriff Craft and Calvin Turner are entitled to qualified immunity.

Defendant, Deputy Christ argues that he is entitled to qualified immunity because Plaintiff has failed to articulate a constitutional violation by Deputy Christ that was "clearly established" at the time of the challenged conduct. Plaintiff argues that his right to record the traffic stop and be free from seizure without reasonable suspicion are the constitutional violations that Deputy Christ violated. First, there was no seizure, thus no constitutional violation. As to his right to record, Plaintiff alleges that he was compliant and left the traffic stop area the first time of his own accord.

The Court finds that Deputy Christ is also entitled to qualified immunity. Plaintiff has failed to establish that his First Amendment rights were limited by Deputy Christ, and he has failed to establish that he suffered an actual injury. Therefore, all claims brought against these Defendant, Craft, Turner, and Christ, in their individual capacities will be dismissed.

*State law*

Plaintiff has alleged state law claims for aggravated assault, public intimidation, malfeasance, IIED, and abuse of process. Plaintiff does not assert who committed these acts of alleged misconduct. Be that as it may, Louisiana courts do not recognize grounds for civil liability from a criminal statute unless the Legislature expressly enacts such a cause of action. *See Gugliuzza v. K.C.M.C., Inc.,* 606 So.2d 790, 793 (La. 1992) *and Laird v. Travelers Ins. Co.,* 263 La. 199, 267 So.2d 714, 717 (La. 1972). Plaintiff has not shown that such a legislative enactment exists relative to his claims of aggravated assault, public intimidation, and malfeasance. As such, Plaintiff's state law claims of aggravated assault, public intimidation and malfeasance will be dismissed.

As to Plaintiff's claim of intentional infliction of emotional distress ("IIED"), under Louisiana law, in order to recover for intentional infliction of emotional distress, a plaintiff is required to establish three elements: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991).

Defendants contend that Plaintiff has not pled any allegations showing that any of Defendants' alleged actions were "extreme and outrageous," that Plaintiff suffered severe emotional distress, or that any Defendant desired to inflict severe emotional distress which was certain or substantially certain to result. The Court agrees and will dismiss this claim.

As to Plaintiff's abuse of process claim, Defendants argue that Plaintiff has failed to comply with Federal Rule of Civil Procedure 8, which requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Twombly*, 550 U.S. at 545.

The tort of abuse of process involves the misuse of a process whereby a party attempts to obtain some result not proper under law. *No Drama, LLC v. Caluda*, 177 So.3d 747, 751 (La. App. 5 Cir. 10/14/15); *Stark v. Eunice Superette, Inc.*, 457 So.2d 291 (La. App. 3 Cir.1984). An abuse of process claim has two essential elements: (1) the existence of an ulterior purpose, and (2) a willful act in the use of the process not proper in the regular prosecution of the proceeding. *No Drama, LLC*, 177 So.3d at 751. In other words, generally, Plaintiffs must demonstrate that the Defendant employed a legal process for an improper reason and with an ulterior purpose or motive. *Palowsky v. Campbell,* 22-592 (La. App. 5 Cir. 12/14/23), 378 So.3d 226 *(citing Mini–Togs,Inc. v. Young,* 354 So.2d 1389 (La. App. 2 Cir.1978)).

In order to set forth a cause of action for abuse of process, a plaintiff must allege irregularity in the process itself. *Delcambre v. Mancuso*, 2018-833, (La.App. 3 Cir. 4/10/19), 268 So.3d 325, 331. More specifically, an abuse of process occurs when the actor employs a legal process in a manner that although technically correct, is for a wrongful and

malicious purpose to obtain an unjustifiable end or an object that it was not the purpose of the particular process employed to effect. *Id.*, 2018-833 at p. 8, 268 So.3d at 331. The tort involves the misuse of a process already legally issued whereby a party attempts to obtain a result not proper under the law; at issue in such actions is the intent to use a legal process for an improper reason. *Goldstein v. Serio*, 496 So.2d 412, 415 (La.App. 4 Cir. 1986). Therefore, if the process is used to redress a legal wrong, the person who invoked the legal process cannot be said to have committed any tort, regardless of whether his motive was vicious or vindictive; on the other hand, when the person who invoked the legal process seeks by the use of such process to attain some collateral objective, outside the scope of the operation of the process employed, a tort arises. *Hebert v. Louisiana Licensed Prof'L Vocational Rehabilitation Counselors*, 2007-610, p. 9 (La.App. 3 Cir. 3/4/09), 4 So.3d 1002, 1009, *writ denied*, 2009-0750 (La. 5/22/09), 9 So.3d 144, *and writ denied*, 2009-0753 (La. 5/22/09), 9 So.3d 144; *See also Waguespack*, 99-2016 at p. 6, 768 So.2d at 291 ("A legal and legitimate use of process, to effect the result which such process is designed by law to accomplish, is not an abuse thereof. Regular use of process cannot constitute abuse, even though the user was actuated by a wrongful motive, purpose, or intent, or by malice.").

Finally, the acts alleged to constitute the abuse or perversion of the process must result in damage. *Mini-Togs, Inc.*, 354 So.2d at 1391 (citing *Italian Star Line v. U.S. Shipping Bd. Emergency Fleet Corp.*, 53 F.2d 359, 362 (2d Cir. 1931)).

Defendants contend that Deputy Christ has a legal right to approach Plaintiff and inquire into his activities, and furthermore Plaintiff has failed to assert that he is entitled to

relief. *Twombly*, 550 U.S. at 545. The Court agrees and finds that Plaintiff has failed to state a claim for abuse of process.

Summarizing, the Court finds that Plaintiff's state law claim for aggravated assault, public intimidation, malfeasance, IIED, and abuse of process are without merit for the reasons explained herein and will be dismissed.

*Injunctive relief*

Plaintiff seeks injunctive relief by way of "[a]n Order appointing a Federal Monitor to oversee the VPSO Internal Affairs division and Use of Force reporting" and "[p]ermanently enjoining Deputy Chuck Christ from initiating any conduct, traffic stop, or detention of Plaintiff without a warrant."

The Fifth Circuit has explained that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief"; "that a claim for injunctive relief must have its own Article III footing, separate from the past injury that supports claims for retrospective relief"; and that, "to obtain injunctive relief, the plaintiff must establish a real and immediate threat that he w[ill] again suffer similar injury in the future" and that, "[a]bsent such a showing, there is no case or controversy regarding prospective relief, and thus no basis in Article III for the court's power to issue an injunction." *In re Stewart*, 647 F.3d 553, 557 (5th Cir. 2011) (cleaned up). "Although past wrongs may help establish the threat of a future injury, they are insufficient alone." *Arkansas Project v. Shaw*, 775 F.3d 641, 648 (5th Cir. 2014).

To receive injunctive relief, Plaintiff must show: "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that

irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the injunction will not disserve the public interest." *Vazquez Barrera v. Wolf*, 455 F.Supp.3d 330, 335 (5th Cir. 2020) (cleaned up).

To receive a permanent injunction, a plaintiff must first establish success on the merits and then meet a four-part test showing that: (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390, 126 S.Ct. 1837 (2006).

As to Plaintiff's request for a injunctive relief, whether temporary or preliminary, Plaintiff has failed to show a real and immediate threat that he will suffer similar injury in the future, thus this Court has no power to issue an injunction. "Although past wrongs may help establish the threat of a future injury, they are insufficient alone." *Arkansas Project v. Shaw*, 775 F.3d 641, 648 (5th Cir. 2014). As to Plaintiff's request for the permanent injunction, Plaintiff has failed to establish that he would succeed on the merits, nor has he shown that he has suffered an irreparable injury. Thus, Plaintiff has failed to establish the requisite elements for this Court to issue a temporary or permanent injunction.

Additionally, Plaintiff has failed to establish an irreparable injury and/or that there are no available remedies at law. Finally, Plaintiff has failed to establish that a remedy in equity is warranted based on the balance of the hardship between Plaintiff and Defendants,

nor has Plaintiff established that the public interest would not be disserved by a permanent injunction.

Concerning Plaintiff's request for the appointment of a federal monitor to oversee the VPSO internal affairs division, such requested relief extends further than necessary to correct the alleged violation of Plaintiff's rights. Plaintiff's request to permanently enjoin Deputy Chuck Christ from initiating any contact, traffic stop, or detention of Plaintiff without a warrant is unrealistic and untenable. As such, Plaintiff's request for injunctive relief will be denied.

*Declaratory relief*

Plaintiff is seeking a declaratory judgment that the VPSO's alleged "no investigation" policy is unconstitutional. Defendants argue that Plaintiff has not shown that the VPSO has repeated constant violations, which constitute a custom or practice, nor has Plaintiff shown that he is entitled to have an internal investigation conducted into the sheriff's office employees. The Court agrees with Defendant and will deny Plaintiff's request.

*Failure to train and/or supervise*

In his opposition, Plaintiff contends that Sheriff Craft failed to train or supervise under a theory of supervisory liability in a manner which constitutes deliberate indifference. "The deliberate indifference standard is a high one." *Doe v. Ferguson,* 128 F.4th 727, 735 (5th Cir. 2025) (cleaned up). And, to act with deliberate indifference, "a state actor must know of and disregard an excessive risk to the

victim's health or safety." *Id.* (cleaned up). "The state actor's actual knowledge is critical to the inquiry—a failure to alleviate a significant risk he should have perceived but did not…does not rise to the level of deliberate indifference." *Id.* (cleaned up). To demonstrate deliberate indifference under claims of supervisory liability for a failure to train or supervise, Plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official, (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Landor v. Louisiana Dep't of Corr. And Pub. Safety,* 21-733-SDD-SDJ, 2022 WL 4593085, at *2 (M.D. La. Sept. 29, 2022) (citing *Brauner v. Coody,* 793 F.3d 493, 501 (5th Cir. 2015)).

Supervisory liability for failure to train or supervise allegations cannot be conclusory; conclusory allegations "are insufficient to set out a constitutional claim." *Id.* (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005)). Crucially, "[p]roof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference." *Id.* (citing *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2010)); *see also Snyder v. Trepangnier*, 142 F.3d 791, 798-99 (5th Cir. 1998) (generally requiring that a plaintiff demonstrate at least a pattern of similar violations).

Here, Plaintiff did not plead this claim in his complaint, and taking the facts as true, he has failed to establish that Sheriff Craft failed to supervise or train Deputy Christ. Additionally, Plaintiff has failed to show any causal link between a failure to train and/or supervise, or that said failure amounts to deliberate indifference.

## CONCLUSION

For the reasons explained herein, the Motion to Dismiss Pursuant to Fed. R. of Civ. P. 12(b)(6) for Failure to State a Claim (Doc. 29) will be **GRANTED** in its entirety, dismissing all of Plaintiff's claims with prejudice.

**THUS DONE AND SIGNED** in chambers on this 5th day of March, 2026.

**JAMES. D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

# TAB 4

## Memorandum Order Denying Emergency TRO and Preliminary Injunction (Doc. 6, Dec. 1, 2025)

## (ROA.52 ? ROA.53)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **HUGH BRIAN STREET** | **CASE NO. 2:25-CV-01882** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHUCK CHRIST ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the Court is "Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 3) wherein *pro se* Plaintiff, Hugh Brian Street appears to move to preserve certain evidence.

Courts have a right to expect that litigants and counsel will take the necessary steps to ensure that relevant records are preserved when litigation is reasonably anticipated, and that such records are collected, reviewed, and produced to the opposing party." *Quantlab Technologies Ltd. (BGI) v. Godlevsky*, 2014 U.S. Dist. LEXIS 20305, 2014 WL 651944, *7 (S.D. Tex. Feb. 19, 2014) (citation omitted). "The duty to preserve 'arises when a party has notice that the evidence is relevant to litigation or ... should have known that the evidence may be relevant to future litigation. Generally, the duty to preserve extends to documents or tangible things ... by or to individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses.'" 2014 U.S. Dist. LEXIS 20305 [WL] at *8 (citations omitted). This duty may extend to a non-party to a proceeding when there is a special relationship involving the non-party or when the non-party enters into an agreement to preserve the evidence sought to be obtained. [*3] See A*ndra Group, LP v. JDA Software Group, Inc.*, 2015 U.S. Dist. LEXIS 182527, 2015 WL 12731762, *15 (N.D. Tex. Dec. 9, 2015) (addressing the obligation of non-parties to preserve evidence

and noting that, "[a]bsent some special relationship or duty rising by reason of an agreement, contract, statute, or other special circumstance, the general rule is that there is no duty to preserve possible evidence for another party to aid that other party in some future legal action against a third party" (internal quotation marks omitted)). "Spoliation" of evidence "refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." See *Silvestri v. General Motors Corp.*, 271 F.3d 583 (4th Cir. 2001). See also *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010).

In the instant case, Plaintiff apparently forwarded correspondence to LSP officials shortly after the incident complained of and requested that any video recordings of the incident be preserved. There is no indication in the record that Plaintiff's request was not complied with or even whether such recordings exist or existed. See *Dixon v. Greyhound Lines, Inc.*, 2014 U.S. Dist. LEXIS 159714, 2014 WL 6087226, *3 (M.D. La. Nov. 13, 2014) (collecting cases addressing the obligation to preserve video evidence or an accident or incident). Further, there is no indication that intervention by the Court is warranted to preserve evidence that may or may not have been retained. Accordingly,

**IT IS ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 3) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 1st day of December, 2025.



**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

# TAB 5

## Memorandum Order Denying Expedited Discovery and Service by U.S. Marshal (Doc. 21, Dec. 10, 2025)

## (ROA.409 ? ROA.411)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **HUGH BRIAN STREET** | **:** | **DOCKET NO. 2:25-cv-01882** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **CHUCK CHRIST ET AL** | **:** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the court is *pro se* plaintiff Hugh Brian Street's motions for Leave to Conduct Expedited Discovery and for Service by U.S. Marshal [doc. 4] (the "Discovery Motion") and for Service of Process by U.S Marshal **INSTANTER** (IMMEDIATELY) [doc. 5] (the "Service Motion"). Additionally, Plaintiff has filed a Notice of Filing Proposed Order [doc. 15] to supplement the Discovery Motion. For the reasons set forth below, the motions are **DENIED**.

Plaintiff filed the Discovery Motion, asking for "immediate service" of a set of requests for production, arguing such discovery was necessary to prevent spoliation of certain video evidence. Doc. 4. Plaintiff claims good cause for this premature discovery, as the evidence sought to be preserved is needed to aid the court in resolving his previous Motion for Temporary Restraining Order and Motion for Preliminary Injunction [doc. 3] (the "TRO/PI Motion"). *Id*. In the Service Motion, Plaintiff seeks to have the U.S. Marshal serve his complaint, and to do so "**FORTHWITH** (within 24 hours)." Doc. 5. Plaintiff contends such "**IMMEDIATE** service" is needed to avoid spoliation of evidence and that service by the U.S. Marshal is appropriate because, based on his allegations of aggravated assault against certain defendants, "[p]ersonal service by the Plaintiff would create a high risk of confrontation." *Id*.



RE-42

Since the filing of these motions, however, this court has denied Plaintiff's TRO/PI Motion, which essentially asserted the same concerns as the instant motions, i.e., fear of spoliation and the need to preserve evidence. Doc. 6. Specifically, this court stated

> In the instant case, Plaintiff apparently forwarded correspondence to LSP officials shortly after the incident complained of and requested that any video recordings of the incident be preserved. There is no indication in the record that Plaintiff's request was not complied with or even whether such recordings exist or existed. See *Dixon v. Greyhound Lines, Inc.*, 2014 U.S. Dist. LEXIS 159714, 2014 WL 6087226, *3 (M.D. La. Nov. 13, 2014) (collecting cases addressing the obligation to preserve video evidence or an accident or incident). Further, there is no indication that intervention by the Court is warranted to preserve evidence that may or may not have been retained.

Doc. 6, p. 2. As the court has already determined there is no need for court intervention to prevent spoliation, it follows that there is also no need to expedite discovery or service on defendants for the same reasons. There are no facts presented that suggest the evidence sought through Plaintiff's discovery is not being preserved and therefore no need to stray from the prescribed procedure set out in Federal Rule of Civil Procedure 26(d)(1).[1] Accordingly, Plaintiff's Motion for Leave to Conduct Expedited Discovery and for Service by U.S. Marshal [doc. 4] is **DENIED**.

Moreover, Plaintiff's request that the U.S. Marshal Service serve defendants with his complaint, expeditiously or otherwise, is not warranted. In support of his request for service by the U.S. Marshal, Plaintiff makes the same spoliation argument heretofore rejected and also cites concerns for his personal safety. Specifically, Plaintiff submits that, as he was allegedly the victim of an aggravated assault committed by one of the defendants, he fears confrontation should he attempt to personally serve the defendants. Doc. 5. According to Federal Rule of Civil Procedure

[1] "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

4(c), however, Plaintiff is prohibited from serving any document on the defendants himself.[2] Further, although Federal Rule of Civil Procedure 4(c)(3) permits service by a marshal or deputy marshal, it does not command it when a plaintiff is not proceeding *in forma pauperis*, which Plaintiff is not.[3] Instead, as noted *supra* note 2, any nonparty at least 18 years of age may execute service, and such process seems more appropriate here as Plaintiff's concerns for his own safety are alleviated by Rule 4(c)(2)'s prohibition of him making the service himself. Accordingly, Plaintiff's Urgent Motion for Service of Process by United States Marshal [doc. 5] is **DENIED**.

For the reasons discussed above,

**IT IS HEREBY ORDERED** that plaintiff Hugh Brian Street's Motion for Leave to Conduct Expedited Discovery and for Service by U.S. Marshal [doc. 4], as supplemented [Doc. 15], is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Urgent Motion for Service of Process by United States Marshal [doc. 5] is **DENIED**.

**THUS DONE AND SIGNED** in chambers this 10th day of December, 2025.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**

[2] "Any person who is at least 18 years old *and not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added).

[3] At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916. Fed. R. Civ. P. 4(c)(3).

# TAB 6

## Memorandum Order Denying Motion to Reconsider & Expedite (Doc. 22, Dec. 12, 2025)

## (ROA.412 ? ROA.414)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**HUGH BRIAN STREET** | **CASE NO. 2:25-CV-01882**

**VERSUS** | **JUDGE JAMES D. CAIN, JR.**

**CHUCK CHRIST ET AL** | **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the Court is *pro se* Plaintiff, Hugh Brian Street's Motion to Reconsider and Motion to Expedite (Doc. 14), wherein Plaintiff requests that the Court reconsider its denial of Plaintiff's requested Temporary Restraining Order[1] to order Defendants to preserve all video surveillance. Plaintiff complains that the Court failed to address part of his request for a TRO against the Vernon Parish Sheriff's Office and Deputy Chuck Christ. In one of two motions filed by Plaintiff for a TRO,[2] Plaintiff alleges that (1) Deputy Christ threatened lethal force and reached for his weapon, and (2) Deputy Christ has a pre-existing grudge stemming from a 2013 incident.

Plaintiff also alleges that he has a reasonable fear of retaliation based on unresolved allegations of violence and A suspicious death—the Bradley Stracener case--and that "[t]he administration admitted: "We do not Investigate our own."[3] Plaintiff specifically requests that the TRO (1) enjoin Deputy Chuck Christ from coming within 100 feet of Plaintiff, his home, or his vehicle, (2) order the VPSO to dispatch a different agency such as the

---

[1] Docs. 3 and 6.
[2] Doc. 3.
[3] Doc. 3 ¶ ¶ 2 and 3.

Louisiana State Police or a different deputy for any bona fide calls for service regarding Plaintiff, and (3) order Defendants to preserve all video evidence.

The ruling of this Court only addressed the issue of preserving all video evidence based on fundamental law. The Court will not revisit that issue. As to the remaining requests for a TRO, Plaintiff has failed to show that all of the factors necessary to grant the relief requested are met.

The Court notes that Plaintiff has not served the Defendants in this case. "A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm." *Moon v. Sissen*, 2024 WL 5324949, at *1 (E.D. Mich. Dec. 16, 2024) (quoting *Brown v. Countrywide Home Loans*, 2009 WL 1798069, at *1 (E.D. Mich. June 19, 2009).

This Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Federal Rule of Civil Procedure 65(b)(1).

Here, Plaintiff's request will be denied because he does not satisfy either requirement in Rule 65(b)(1). Plaintiff has failed to present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or

damage will result to [him] before the [Defendants] can be heard in opposition." Federal Rule of Civil Procedure 65(b)(1)(A). Nor does Plaintiff "certify[y] in writing any efforts made to give notice and the reasons why it should not be required." Federal Rule of Civil Procedure 65(b)(1)(B).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 14) concerning the preservation of surveillance evidence is **DENIED** and the Motion for a Temporary Restraining Order to Preserve Evidence (Doc. 2) is **DENIED.**[4]

**IT IS FURTHER ORDERED** that Plaintiff's remaining requests for a TRO (Doc. 3) against the Vernon Parish Sheriff's Office and Deputy Chuck Christ is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Expedited Consideration is **GRANTED.**

**THUS DONE AND SIGNED** in chambers on this 12th day of December, 2025.



**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

[4] The Motions in Docs. 2 and 3 both request a TRO as to preservation of video surveillance.

# TAB 7

## Order Denying Rule 59(e) Motion to Alter or Amend Judgment (Doc. 42, Apr. 29, 2026)

**(ROA.593)**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**HUGH BRIAN STREET** — **CASE NO. 2:25-CV-01882**

**VERSUS** — **JUDGE JAMES D. CAIN, JR.**

**CHUCK CHRIST ET AL** — **MAGISTRATE JUDGE LEBLANC**

**ORDER**

Before the Court is "Plaintiff's Rule 59(e) Motion to Alter or Amend the Judgment" (Doc. 38) wherein, Plaintiff moves for the Court to amend and/or alter its Judgment issued March 5, 2026.[1] The Court has carefully reviewed the Motion and the arguments made and find that there is no basis in law or fact to grant Plaintiff's Motion. Accordingly,

**IT IS ORDERED** that Plaintiff's Rule 59(e) Motion to Alter or Amend the Judgment" (Doc. 38) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 29th day of April, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

[1] Docs. 36 and 37.

# TAB 8

## Notice of Appeal
## (Doc. 43, May 27, 2026)

## (ROA.594 ? ROA.597)

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MAY 2 7 2026
DANIEL J. McCOY, CLERK
BY: PAS

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

HUGH BRIAN STREET,
Plaintiff,

v.

DEPUTY CHUCK CHRIST, ET AL.,
Defendants.

CASE NO.: 2:25-CV-01882
JUDGE JAMES D. CAIN, JR.
MAGISTRATE JUDGE LEBLANC

---

NOTICE OF APPEAL

---

NOW INTO COURT comes Plaintiff, Hugh Brian Street, proceeding pro se, who respectfully files this Notice of Appeal to the United States Court of Appeals for the Fifth Circuit. Pursuant to Federal Rule of Appellate Procedure 3(c)(4), this Notice of Appeal encompasses the final Judgment and all

co-pending and earlier rulings, decisions, and orders that merge into said Judgment, including but not limited to the following final judgment and orders entered in this action:

1. The final **Judgment** entered on March 5, 2026 (Doc. 37), which granted the Defendants' Motion to Dismiss and dismissed Plaintiff's claims with prejudice;

2. The **Memorandum Ruling** entered on March 5, 2026 (Doc. 36), which formed the basis of the final Judgment;

3. The **Memorandum Order** entered on December 1, 2025 (Doc. 6), which denied Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction;

4. The **Memorandum Order** entered on December 10, 2025 (Doc. 21), which denied Plaintiff's Motion for Leave to Conduct Expedited Discovery (Doc. 4) and Motion for Service of Process by U.S. Marshal (Doc. 5);

5. The **Memorandum Order** entered upon Reconsideration on December 12, 2025 (Doc. 22), which denied Plaintiff's Motion for Reconsideration and

remaining requests for emergency protective and injunctive relief; and

6. The **Order** entered on April 29, 2026 (Doc. 42), which denied Plaintiff's timely filed Rule 59(e) Motion to Alter or Amend the Judgment.

**Exclusion of Consent Judgment and Ruling:** This Notice of Appeal expressly **excludes** the separate Judgment (Doc. 35) and corresponding Memorandum Ruling (Doc. 34) entered on March 5, 2026, dismissing the Defendant Louisiana Sheriffs' Law Enforcement Program (LSLEP), which were entered pursuant to Plaintiff's Statement of Non-Opposition (Doc. 31). Plaintiff is appealing the dismissal of the primary Defendants only.

Respectfully submitted this 27th day of May, 2026.

[signature]

HUGH BRIAN STREET

Plaintiff, Pro Se

385 RC Stephens Rd

Leesville, LA 71446

337-404-6465

brian.street@southerntreeninjas.com

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2026, a true and correct copy of the foregoing Notice of Appeal was filed with the Clerk of Court and served upon all counsel of record via the Court's CM/ECF system and/or by depositing a copy in the United States Mail, postage prepaid, addressed to:

Jason P. Wixom
Laura C. Rodrigue
Blake J. Arcuri
RODRIGUE & ARCURI LLP
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Counsel for Defendants

HUGH BRIAN STREET

CERTIFICATE OF SERVICE & ELECTRONIC COMPLIANCE

I hereby certify that on this 15th day of October, 2026, a true and correct copy of the foregoing Appellant's Record Excerpts (with tab divider pages pursuant to 5th Cir. R. 30.1.7(c)) was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit via the pro se email filing portal (Pro_se@ca5.uscourts.gov), and served upon counsel of record for Defendants-Appellees via email and by depositing the same in the United States Mail, first-class postage prepaid, addressed as follows:

Laura C. Rodrigue, Esq.
Blake J. Arcuri, Esq.
Jason P. Wixom, Esq.
RODRIGUE & ARCURI LLP
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Counsel for Defendants-Appellees

I further certify that: (1) all required privacy redactions have been made pursuant to Fed. R. App. P. 25(a)(5) and 5th Cir. R. 25.2.13; (2) any paper copies subsequently furnished to the Court are true and exact copies of this electronically submitted document, 5th Cir. R. 25.2.1; (3) this electronic PDF document has been scanned for viruses using Microsoft Defender Antivirus and is free of viruses; and (4) this document contains no encryption or password protection.

Respectfully submitted,



HUGH BRIAN STREET
Plaintiff-Appellant, Pro Se
385 RC Stephens Rd
Leesville, LA 71446
337-404-6465
brian.street@southerntreeninjas.com